UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _______________

BRETT KAPLAN,

Plaintiff,

v.

SF MARKETS, LLC d/b/a
SPROUTS FARMERS MARKET,

Defendant.
____________________________________________/

**NOTICE OF REMOVAL**

Defendant, SF Markets, LLC d/b/a Sprouts Farmers Market, (hereinafter "Sprouts"), hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

1. This cause was originally filed by the Plaintiff on September 22, 2026, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as Case No. CACE-26-015413.

2. This suit is a personal injury civil action in which the Plaintiff, Brett Kaplan, (hereinafter referred to as "Plaintiff") claims that Sprouts is liable under a negligence theory for injuries she allegedly sustained from an incident at the Sprouts store located at 3701 W. Hillsboro Blvd., Suite B, Deerfield Beach, Florida, on January 28, 2026. *See generally*, **Exhibit A**, Complaint.

3. 28 U.S.C. §1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between…citizens of different States."

4. The instant suit is one which the District Court of the United States has original jurisdiction since it involves a controversy exclusively between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**<u>Plaintiff's Diversity of Citizenship</u>**

5. With respect to the diversity of the parties, Plaintiff is a citizen of Florida and Sprouts is a citizen of Delaware and Arizona.

6. At all times material hereto Plaintiff has been domiciled in the State of Florida.

7. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Id.*

8. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) citing *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998).

9. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." *Audi* citing *McDonald,* 13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a

new state." *McDonald,* 13 F.Supp.2d at 1281 (citing *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986)).

10. "The objective facts bearing on an individual's 'entire course of conduct' determine domicile for diversity jurisdiction purposes." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing *Stine*, 213 F.2d at 448.

11. "No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'" *Id.*

12. At all material times Plaintiff has been domiciled in the State of Florida. The "presumption" of domicile is supported by sources confirming Plaintiff reside in the State of Florida.

13. The Complaint alleges that, "[a]t all times material hereto, Plaintiff, is and was a resident of Broward County, Florida." See Exhibit A ¶ 2.

14. Additionally, before suit was filed, Plaintiff's counsel sent a Settlement Demand Letter dated August 14, 2026, with medical bills and records that referenced a home address for Plaintiff in Broward County Florida. A redacted[1] copy of the August 14, 2026, Settlement Demand Letter is attached hereto as **Exhibit B**.

[1] Plaintiff produced medical records and bills in support of the Settlement Demand Letter. Sprouts redacted the Settlement Demand Letter which is attached to this Notice. Sprouts redacted these materials and did not attach to this Notice the medical records produced by Plaintiff to protect Plaintiff's privacy rights pursuant to Federal Rule of Civil Procedure 5.2, Section 6 of the CM/ECF Administrative Procedures for the Southern District of Florida, as well as those rules and regulations governed by the Health Insurance Portability and Accountability Act (HIPAA). Unredacted copies of these documents and a complete set of the medical bills and records produced by Plaintiff are available for review by the Court upon request.

15. "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)

16. Therefore, Plaintiff is domiciled in the State of Florida and is, accordingly, a citizen of Florida.

**Sprouts' Diversity of Citizenship**

17. At the time that both the Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Sprouts was, and is, a Delaware limited liability company whose sole member and manager is Sprouts Farmers Markets Holdings, LLC.

18. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." *Id.*; *see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Where a member of a limited liability company is itself a limited liability company, its citizenship is likewise determined by the citizenship of its own members. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

19. Sprouts is registered with the Florida Secretary of State as a Delaware limited liability company. A certified copy of Sprouts' Certificate of Status issued by the Florida Department of State attesting that Sprouts is a corporation organized under the laws of the State of Delaware is attached hereto as part of **Composite Exhibit C.**

20. Additionally, Sprouts' Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida, filed with the Florida Secretary of State on May 18,

2016, reflects that Sprouts was organized under the laws of the State of Delaware, under the name SFM, LLC, and transacts business in Florida under the name SF Markets, LLC. The Application attaches a certificate of the Delaware Secretary of State certifying that SFM, LLC was formed under the laws of the State of Delaware on February 8, 2011, and identifies Sprouts Farmers Markets Holdings, LLC as Sprouts' managing member. A copy of Sprouts' Application by Foreign Limited Liability Company, Detail by Entity Name is attached hereto as part of **Composite Exhibit C.**

21. The Florida Secretary of State's records, including those public records found online at the Secretary of State's website at www.sunbiz.org, such as the Detail by Entity Name and the 2026 Foreign Limited Liability Company Annual Report of SF Markets, LLC, further confirm that Sprouts is a Delaware limited liability company, that Sprouts Farmers Markets Holdings, LLC is its managing member, and that Sprouts' principal place of business and principal address are located at 5455 E. High Street, Suite 111, Phoenix, Arizona 85054. A copy of Sprouts' 2026 Foreign Limited Liability Company Annual Report found online at the Florida Secretary of State's website are attached hereto as part of **Composite Exhibit C**.

22. Derek Mirza, Vice President - Legal of Sprouts Farmers Market, Inc., has personal knowledge regarding the corporate structure of Sprouts. Derek Mirza's Declaration, attached hereto as **Exhibit D**, states inter alia that the sole member of Sprouts was and is Sprouts Farmers Markets Holdings, LLC; that Sprouts Farmers Markets Holdings, LLC is a Delaware limited liability company whose sole member was and is Sprouts Farmers Market, Inc.; and that Sprouts Farmers Market, Inc. was and is incorporated under the laws of the State of Delaware. Derek Mirza further attests that the corporate headquarters of Sprouts Farmers Market, Inc., where its officers direct, control, and coordinate its activities, were and are located in Phoenix, Arizona.

23. For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

24. The "nerve center" test is used to determine a corporation's principal place of business. The nerve center test determines a principal place of business by using the location of the corporation's corporate offices or headquarters, where its officers direct, control, and coordinate its activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Under the nerve center test, the principal place of business of Sprouts Farmers Market, Inc. is in Arizona.

25. Sprouts Farmers Market, Inc. is a publicly traded Delaware corporation with its corporate headquarters and principal place of business located at 20700 North 56th Street, Phoenix, Arizona 85054, the same principal address reflected in Sprouts' Florida Secretary of State records. ***See* Composite Exhibit C; Exhibit D.**

26. Accordingly, Sprouts Farmers Market, Inc. is a citizen of the States of Delaware and Arizona. Because Sprouts Farmers Market, Inc. is the sole member of Sprouts Farmers Markets Holdings, LLC, which is the sole member of Sprouts, Sprouts is a citizen of the States of Delaware and Arizona for the purposes of 28 U.S.C. §1332. Sprouts is not a citizen of Florida.

27. Given that Plaintiff is a citizen of Florida and Sprouts is a citizen of Delaware and Arizona, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

## **The Amount in Controversy is Met Here**

28. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

29. Plaintiff's Complaint does not specify the amount of damages but alleges that

"[t]his is an action for damages that exceeds Fifty Thousand ($50,000.00) Dollars, exclusive of interests and costs." **Exhibit A ¶ 1**.

30. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, a defendant removing within thirty days of service of the initial pleading may submit its own evidence to establish the amount in controversy, and is not limited to evidence received from the plaintiff. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).

31. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.

32. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka*, 608 F.3d at 751. Thus, "[t]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* (emphasis in original). The Court may use its judicial experience, "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in combination with the evidence submitted to determine the amount in controversy. *See id.* at 753-54. And while the defendant bears the burden of establishing that removal was proper, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754 (emphasis added).

33. Before suit was filed, Plaintiff sent a Settlement Demand Letter dated August 14, 2026. Under the "Demand" section of the Letter, Plaintiff states that her total damages exceed $500,000.00. Under the "Medical Specials" section of the Letter, Plaintiff claims the past medical

bills total $71,692 (however this might have been a miscalculation because the total for the bills listed was actually $72,895) and the amount for "anticipated future medicals" was projected at $200,000+". A redacted copy of the Settlement Demand Letter is attached hereto as **Exhibit B.** Additionally, on October 19, 2026, Plaintiff served initial disclosures that had an increased past medical bill total of $75,358.00. The settlement demand, along with the past and anticipated future medicals being claimed by Plaintiff, establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000.

34. The Settlement Demand Letter included copies of Plaintiff's medical bills, records, and operative reports, and provides an analysis of Plaintiff's claimed medical treatment, anticipated future treatment, and non-economic damages. The Settlement Demand Letter is based on Plaintiff's assessment of the value of her damages and her medical professionals' advice.

35. Plaintiff also alleged in the Complaint that she suffered the following damages:

> As a result of Defendant's negligence, the Plaintiff suffered bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and loss of ability to perform household services and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer losses in the future.

**Exhibit A ¶ 13.**

36. Although not necessary (because Plaintiff's past medical expenses, taken alone, exceed $75,000.00), federal courts may also "consider [] non-economic damages in calculating the amount in controversy." *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1346 (M.D. Fla. 2020); *see Wineberger v. Racetrac Petroleum, Inc.*, 672 F. App'x 914, 917–18 (11th Cir. 2016) (affirming district court's conclusion that the amount in controversy more likely than not exceeded $75,000 when the district court took noneconomic damages into account); *see also Salsberry v. RT W. Palm*

*Beach Franchise, Ltd*, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (finding allegations of "serious and permanent damages … permanent injuries, pain and suffering, mental and physical pain and anguish, and [that she] will … incur medical expenses for the future treatment", among other things, supported that amount in controversy was satisfied.) (emphasis in original).

37. The claimed future treatment and non-economic damages, as alleged in the Complaint and the Settlement Demand Letter, further support that this matter surpasses this Court's $75,000 jurisdictional threshold. *See Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883-84 (11th Cir. 2020) (noting damages in excess of the jurisdictional threshold can be inferred from the nature and extent of the plaintiff's injuries).

38. Indeed, Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings and evidence to determine whether the amount in controversy is satisfied, and a district court need not "suspend reality or shelve common sense" in doing so. *Pretka*, 608 F.3d at 754, 770.

39. Further, the Civil Cover Sheet filed with Plaintiff's Complaint in State Court indicated that the "Amount of Claim" is estimated at "over $100,000.00". Attached as part of **Exhibit E** is the Civil Cover Sheet filed in State Court. *See Chase v. Holiday CVS, LLC*, 22-CV-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (noting that, while the Civil Cover Sheet alone does not establish the amount in controversy for removal purposes, it can be considered along with other information for the Court to evaluate the amount in controversy) (cases cited therein); s*ee also Jones v. Dollar Tree Stores, Inc.*, 3:23-CV-421-TJC-LLL, 2023 WL 3735723, at *2 (M.D. Fla. May 31, 2023).

40. Sprouts has established that the amount in controversy is above the $75,000 jurisdictional threshold.

## **Conclusion**

41. Sprouts has established that the amount in controversy is above the $75,000 jurisdictional threshold. The Settlement Demand Letter establishes the amount in controversy. Alternatively, the amount in controversy is established by Plaintiff's claimed damages for past medical treatment, future medical care and costs, past and future pain and suffering, in addition to the additional categories of claimed damages as alleged in the Compliant.

42. This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). Taking into consideration the Settlement Demand received pre-suit, the case became removable on September 25, 2026, by Sprouts' receipt of the Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because the requisite amount in controversy was established. 28 U.S. C. § 1446(b)*; see also Field v. Nat'l Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101 (M.D. Fla. Jan. 22, 2001).

43. Accordingly, Sprouts has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

44. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through his attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

45. A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as **Exhibit E**.

WHEREFORE, Defendant Sprouts requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of October 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to: Joseph C. Schulz, Esq., The Berman Law Group, 5801 N. Congress Avenue, Boca Raton, FL 33487 (service@thebermanlawgroup.com; jschulz@thebermanlawgroup.com; rcalise@thebermanlawgroup.com).

CLARKE SILVERGLATE PA
*Attorneys for SF Markets, LLC*

By: */s/ Shawn Y. Libman*
Shawn Y. Libman
Fla. Bar No. 10544
Adisbel Rodriguez
Fla. Bar No. 1038701
5301 Blue Lagoon Drive, Suite 900
Miami, Florida 33126
Phone: 305/377-0700
Fax: 305/377-3001
slibman@cspalaw.com
lyun@cspalaw.com
arodriguez@cspalaw.com
kguerrero@cspalaw.com